UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **CELTIC INSURANCE COMPANY**, <br><br> Plaintiff, <br><br> v. <br><br> **TEAM HEALTH HOLDINGS, INC. and AMERITEAM SERVICES, L.L.C.**, <br><br> Defendants. | No. 3:20-cv-00523-DCLC-HBG |

**PROTECTIVE AND CONFIDENTIALITY ORDER**

The Court has considered the agreement to entry of this Protective and Confidentiality Order between Plaintiff and Defendants, which shall protect personal, private, confidential, or proprietary information which is produced in connection with this action. The Court finds and concludes that good cause exists to enter this Protective Order, and the Court therefore ORDERS:

**1. Purposes and Limitations**

Discovery in this action is likely to involve production of personal, private, confidential, or proprietary information for which special protection may be warranted. Accordingly, the parties hereby stipulate to the following Protective and Confidentiality Order.

**2. "Confidential" Material**

"Confidential" material shall include, but is not necessarily limited to, the following documents, electronically-stored information, or and tangible things produced or otherwise exchanged: medical records, materials relating to medical claims handling, proprietary internal material relating to medical provider data, proprietary internal material relating to corporate strategy or finance, proprietary internal material relating to pricing, proprietary internal technical or business material including trade secrets, material containing personally identifiable information, and protected health information (PHI) covered by the Health Insurance Portability

1

and Accountability Act of 1996 (HIPAA) Privacy Rule and other similar protections of sensitive medical and personally identifiable information (PII).

**3.      Scope**

The protections conferred by this Order cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

**4.      Access To and Use of Confidential Material**

   **4.1     Basic Principles.**  A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Confidential material may be disclosed only to the categories of persons and under the conditions described in this Order.  Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

   **4.2     Disclosure of "CONFIDENTIAL" Information or Items.**  Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

      (a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

      (b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

      (c) former employees, experts, and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (d) the Court, Court personnel, and Court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) during their depositions, witnesses in the action (as well as their counsel) to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the Court reporter and may not be disclosed to anyone except as permitted under this Order;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise lawfully possessed or knew the information; and

(h) other persons whom counsel for the parties agree in writing may receive such information.

**4.3** **Filing Confidential Material.** Before filing confidential material or discussing or referencing such material in Court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. A party who intends to file any pleading, brief, declaration, affidavit, or other documents that contains or constitutes confidential material shall follow the procedure set forth in E.D. Tenn. L.R. 26.2, the Court's Electronic Case Filing Rules and Procedures, and the Memorandum and Order Regarding Sealing Confidential Information.

**5.** **Designating Protected Material**

**5.1** **Exercise of Restraint and Care in Designating Material for Protection.** Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those materials, documents,

3

Case 3:20-cv-00523-DCLC-HBG   Document 37   Filed 06/21/21   Page 3 of 10   PageID #: 2993

items, or oral or written communications that qualify, so that non-confidential documents, items, or communications are not swept unjustifiably within the ambit of this Order.

    5.2. **Designation of Confidential Information Produced by a Third Party.** Upon receipt of any discovery materials from a third party, the parties shall have twenty-one days to designate the discovery materials as confidential information (and the materials will be deemed confidential until then). To permit each party the opportunity to timely designate materials as Confidential Information, the parties agree that all discovery materials received by either party must be provided to the opposing party within seven days of receipt. The parties may extend the deadlines in this section 5.2 by agreement without the need to seek further leave from the Court.

    **5.3**     **Manner and Timing of Designations.** Except as otherwise provided in this Order (see, e.g., section 5.3(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced.

    (a) <u>Information in documentary form:</u> (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings) the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material.

    (b) <u>Testimony given in deposition or in other pretrial proceedings:</u> the parties and any participating non-parties must identify on the record, during the deposition, hearing, or other pretrial proceeding, whether a transcript is designated confidential, without prejudice to their right to so designate the transcript after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate the transcript or portions thereof, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference. The parties may extend the deadlines in this section 5.3(b) by agreement without the need to seek further leave from the Court

4

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

**5.4     Inadvertent Failures to Designate.**  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

**6.     Challenging Confidentiality Designations**

**6.1     Timing of Challenges.**  Any party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2     Meet and Confer.**  The parties must make every attempt to resolve any dispute regarding confidential designations without Court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without Court action. The certification must list the date, manner, and participants to the conference.  A good faith effort to confer requires a face-to-face meeting or a telephone conference.

**6.3     Judicial Intervention.**  If the parties cannot resolve a challenge without Court intervention, the designating party may file and serve a motion to retain confidentiality.  The burden of persuasion in any such motion shall be on the designating party.  Frivolous challenges,

5

and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

**7.     Protected Material Subpoenaed or Ordered Produced in Other Litigation**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(1) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(2) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(3) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

**8.     Unauthorized Disclosure of Protected Material**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this Order, the receiving party must promptly:

(1) notify in writing the designating party of the unauthorized disclosures;

(2) use its best efforts to retrieve all unauthorized copies of the protected material;

(3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and

(4) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

6

9. **Inadvertent Production of Privileged or Otherwise Protected Material**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that may provide for production without prior privilege review.

Pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

10. **Non-Termination and Return/Destruction of Documents**

Within 60 days after the termination of this action, including all appeals, each receiving party must either:

> (1) return all confidential material to the producing party, including all copies, extracts and summaries thereof; or

> (2) certify to the producing party that all confidential material has been destroyed or permanently deleted from any electronic databases or other storage devices (with the exception of portions of back-up tapes and other archival media, which should be destroyed in accordance with standard retention policies and maintained in accordance with the protections of this order until such time as it is destroyed or overridden).

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the Court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

**11. Qualified Protective Order Under HIPAA**

This Protective Order shall serve as a qualified protective order under HIPAA and its implementing regulations, and shall serve as an order allowing covered entities to produce un-redacted documents and records requested in this action. For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. All "covered entities," as defined in 45 C.F.R. § 160.103, are authorized to disclose protected health information requested in this action to all attorneys in this action.

Pursuant to 45 C.F.R. § 164.512 and subject to the Rules of Procedure governing this action and without prejudice to any parties' objection except as otherwise provided herein, the parties and their attorneys shall be permitted to use the protected health information in any manner reasonably connected with the action, including, but not limited to, disclosure to the parties and their attorneys, insurers, experts, and consultants, the Court, necessary court personnel, court reporters, copy services, trial consultants, jurors, any appellate court, and other persons and entities involved in the litigation process. All protected health information produced or disclosed in the action shall be designed as confidential material under paragraphs 2, 3, and 5 above, and it shall be used solely for the prosecution or defense (including any appeal therefrom) of the action, and shall not be used for any other purpose. This Order does not authorize the disclosure of protected health information under any other circumstances.

**12. Future Orders**

Nothing in this Order shall prohibit the parties from seeking an order from the Court regarding the production or protection of documents referenced herein or other materials in the future. Additionally, nothing in this Order shall prohibit the parties from seeking an order from the Court amending or modifying this Order, either for good cause shown or agreement of the parties.

IT IS SO ORDERED.

Dated: June 21, 2021

_____
United States District Court

Submitted for Entry:

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

By: _/s/ Gary C. Shockley_
Gary C. Shockley (BPR 010104)
Caldwell G. Collins (BPR 028452)
1600 West End Avenue, Suite 2000
Nashville, TN 37203
(615)726-5704 (phone)
(615)744-5704 (fax)
gshockley@bakerdonelson.com
cacollins@bakerdonelson.com

Nora A. Koffman (BPR 038025) 602
Sevier Street, Suite 300 Johnson City,
TN 37604
(423)928.0181(phone)
(423)928.5694 (fax)
nkoffman@bakerdonelson.com

W. Preston Battle IV (BPR 035044)
165 Madison Avenue, Suite 2000
Memphis, TN 38103
(901)526.2000 (phone)
(901)577.2303 (fax)
pbattle@bakerdonelson.com

*Attorneys for Defendants*

WILLIAMS & CONNOLLY LLP

By: _/s/ Steven M. Cady_
Brendan V. Sullivan, Jr. (*pro hac vice*)
C. Bryan Wilson (*pro hac vice*)
Steven M. Cady (*pro hac vice*)
Min Jeon (*pro hac* application forthcoming)
725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 434-5000
bsullivan@wc.com
bwilson@wc.com
scady@wc.com

BROCK SHIPE KLENK PLC
W. Edward Shipe (BPR #023887)
265 Brookview Centre Way, Suite 604
Knoxville, Tennessee 37919
Telephone: (865) 338-9700
eshipe@bskplc.com

*Attorneys for Plaintiff*

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury under the laws of the United States that:

1. My address is _____.

2. My present employer is _____ and the address of my present employment is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Protective and Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Protective and Confidentiality Order as if I were a party in this case.

5. I will hold in confidence and not disclose to anyone not qualified under the Protective and Confidentiality Order all Protected Health Information, and any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

6. I will limit use of Confidential Material and/or Protected Health Information disclosed to me solely for purposes of this action.

7. No later than the final conclusion of the case, I will return all Confidential Material and/or Protected Health Information, and any summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained or, in the alternative, destroy such information (in a secure, confidential manner), except otherwise provided by law (other than for information stored on back-up tapes or other archival media, which should be over-written or deleted in accordance with standard retention policies).

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____     _____
                                            SIGNATURE